ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **BETSY N. RODRÍGUEZ ORTIZ**<br><br>Recurrida<br><br>v.<br><br>**MOROVIS COMMUNITY HEALTH CENTER, ASEGURADORA X**<br><br>Peticionarios | TA2026CE00319 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.: **BY2024CV05259**<br><br>Sobre: Despido Injustificado Leyes 80 de 1976; Ley 100 de 1959; Title VII Civil Rights Act, Ley 90-2020, Daños art. 1536 Código Civil (Bajo Procedimiento Sumario o Ley 2) |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2026.

Comparece ante nos Morovis Community Health Center, Inc. (MCHC o parte peticionaria) mediante un recurso de *certiorari* en el que solicita que revoquemos una *Resolución y Orden* emitida el 3 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), en un pleito laboral instado bajo el procedimiento sumario provisto por la *Ley de Procedimiento Sumario de Reclamaciones Laborales,* Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2).[1]

---

[1] Tomamos conocimiento judicial del expediente del caso BY2024CV05259 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 133. Notificada y archivada en autos el 4 de marzo de 2026.

Por medio de dicho dictamen, el TPI declaró *No Ha Lugar* la *Moción de Sentencia Sumaria* presentada por MCHC.[2] Asimismo, declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria Parcial* instada por la señora Betsy N. Rodríguez Ortiz (Rodríguez Ortiz o parte recurrida).[3] A su vez, en el referido dictamen el TPI les ordenó a las partes que se reunieran con el propósito de inquirir en la posibilidad de alcanzar un acuerdo transaccional.

Según nos fue solicitado y luego de concederle un término adicional para que las partes ultimaran el diálogo, ante lo cual se notificó que no se había podido concretar la transacción, la señora Rodríguez Ortiz radicó su *Oposición a Certiorari* el 8 de abril de 2026.

Evaluados los asuntos planteados por MCHC, juzgamos que no acontecen los supuestos excepcionales que nos permitirían intervenir en asuntos interlocutorios que acontezcan en el proceso sumario bajo el cual se está tramitando este pleito, por lo que corresponde desestimar.

## I.

El caso de marras tiene su génesis el 9 de septiembre de 2024 cuando la señora Betsy N. Rodríguez Ortiz presentó una *Querella* contra Morovis Community Health Center, Inc., al amparo de la Ley Núm. 2, por despido injustificado, acoso laboral, discrimen por edad y despido por represalia.[4] En ésta, alegó que laboró para el patrono desde agosto de 1997 hasta el 15 de febrero de 2022, fecha en que fue despedida injustificada y discriminatoriamente.

Por lo anterior, la señora Rodríguez Ortiz reclamó remedios bajo la *Ley de Indemnización por Despido sin Justa Causa*, Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185a *et seq.*; la *Ley Antidiscrimen de Puerto Rico*, Ley Núm. 100 de 30 de junio de 1959,

---

[2] Entrada Núm. 108 en SUMAC.
[3] Entrada Núm. 125 en SUMAC.
[4] Entrada Núm. 1 en SUMAC.

según enmendada, 29 LPRA § 146 *et seq.*; y la *Ley de Represalias contra el Empleado*, Ley Núm. 115 de 1991, según enmendada, 29 LPRA § 194 *et seq.* Asimismo, arguyó que su patrono incurrió en violación de la *Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico* Ley Núm. 90-2020, 29 LPRA § 3111 *et seq.*,[5] y también presentó un reclamo por discrimen por edad y género bajo el Título VII de la *Ley Federal de Derechos Civiles de 1964*, según enmendada, 42 USC secs. 2000e *et seq.*

El 20 de septiembre de 2024, MCHC presentó *Contestación a Querella*, en la cual alegó que la recurrida fue despedida por justa causa, ya que durante horas laborables ofreció gestionar solicitudes de créditos tributarios para otros empleados, utilizando su tiempo de trabajo y recursos de la institución.[6] En esencia, sostuvo que se llevó a cabo una investigación en la cual se detectó que la recurrida incurrió en conductas descritas en el Manual del Empleado que conllevaban la terminación del empleo.

Superados varios trámites procesales, y tras el respectivo descubrimiento de prueba que incluyó la deposición de la señora Rodríguez Ortiz, el 24 de noviembre de 2025, Morovis Community presentó *Moción de Sentencia Sumaria*.[7] En la misma, incluyó 135 hechos que calificó materiales e incontrovertidos, sustentados en su mayoría en la deposición de la recurrida. En síntesis, alegó que de los hechos admitidos por la señora Rodríguez Ortiz en su deposición surgía que, el despido obedeció a que ésta incurrió en violación de políticas internas, uso indebido de equipo y conflicto de intereses, graves faltas que justificaban el despido como primera sanción. Por lo cual, debía desestimarse la demanda en su contra.

---

[5] Valga aclarar, la querellante desistió de su causa de acción bajo la Ley 90-2020, *supra*. Véase, SUMAC TPI, Entrada Núm. 23.
[6] Entrada Núm. 12 en SUMAC.
[7] Entrada Núm. 108 en SUMAC.

Así las cosas, el 9 de enero de 2026, la recurrida presentó *Moción en Oposición a Sentencia Sumaria y Solicitud de Sentencia Sumaria Parcial a favor de la parte querellante.*[8] Destacó que en sus 25 años de trabajo con el patrono nunca había sido sancionada y que la razón del despido fue por haberse negado a testificar en contra de otra empleada. Asimismo, argumentó que fue despedida sin justa causa, en contravención con la política de disciplina progresiva y el propio Manual del Empleado de la empresa, y de manera discriminatoria al ser reemplazada en funciones por un varón. Adujo, no procedía la solicitud de sentencia sumaria del patrono, sino, condenar al patrono por discrimen y despido injustificado y conceder todos los remedios solicitados. Cabe señalar, en su moción incluyó 92 hechos que, según alega, no están en controversia.

El 9 de febrero de 2026, MCHC presentó su oposición a la Solicitud de Sentencia Sumaria de la señora Rodríguez Ortiz.[9] En esta, alegó que la solicitud de la recurrida incumplía con la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, ya que no hacía referencia completa a la prueba que sostenía las alegaciones. Reiteró, en el caso de autos el despido se debió a la violación de los reglamentos del patrono, conclusión que fue producto de una investigación interna que documenta el proceso disciplinario; y que así, se demuestra que el despido fue uno justificado.

Así las cosas, el 3 de marzo de 2026, el TPI emitió su *Resolución y Orden*, notificada el día 4, en la que declaró *No Ha Lugar* las mociones de sentencia sumaria de ambas partes, concluyendo así, que no estaba en posición de resolver la demanda a favor de ninguno de los litigantes.[10] Como parte de dicho dictamen

---

[8] Entrada Núm. 125 en SUMAC.
[9] Entrada Núm. 131 en SUMAC.
[10] Entrada Núm. 133 en SUMAC.

interlocutorio, el foro primario estableció una serie de hechos que estimó materiales y no controvertidos, e identificó otros que permanecían en controversia y requerían la celebración del juicio plenario para ser dilucidados en sus méritos.

A su vez, el TPI concluyó que la señora Rodríguez Ortiz había sido despedida sin que haya quedado claramente establecido el motivo. Además, el foro primario estableció que las acciones de la recurrida difícilmente originan un despido como primera sanción. Añadió, aunque surge que varios empleados presentaron quejas contra la señora Rodríguez Ortiz, la evidencia de tal hecho presentada por el patrono, no era admisible, al menos, en esa etapa de los procedimientos. Concluyó que, aunque el patrono había alegado que la recurrida fomentó que otros empleados violaran los reglamentos, ello no quedó manifiesto.

En la resolución recurrida se consignó que, aunque existía probabilidad de que el motivo del despido haya sido por represalias y discriminatorio, con lo alegado y la prueba presentada hasta ese entonces, no quedaba ni remotamente probado. Sobre el reclamo de represalias, sostuvo que se tendría que examinar qué motivó el despido para determinar si este fue injustificado. Por último, ordenó a las partes que, en un término no mayor de 20 días, se reunieran con el propósito de llegar a un acuerdo transaccional, de lo contrario, se podría encontrar temeraria a la parte perdidosa e imponerle el pago de costas, gastos y honorarios de abogado.

Inconforme, el 16 de marzo de 2026, MCHC presentó el recurso de *certiorari* ante nos y planteó los siguientes señalamientos de error:

> **PRIMER ERROR: INCURRIÓ EN UN CRASO ERROR EL TPI AL NO APLICAR LA REGLA 36.3 DE PROCEDIMIENTO CIVIL Y AL NO CONSIDERAR COMO ADMITIDOS LOS HECHOS PERTINENTES PROPUESTOS POR MCHC QUE NO FUERON DEBIDAMENTE CONTROVERTIDOS POR LA QUERELLANTE MEDIANTE REFERENCIA A PRUEBA**

ADMISIBLE. EL TPI NO DETERMINÓ COMO INCONTROVERTIDOS HECHOS PERTINENTES APOYADOS EN LAS PROPIAS ADMISIONES DE LA QUERELLANTE EN SU DEPOSICIÓN.

SEGUNDO ERROR: ERRÓ EL TPI AL CONCLUIR QUE EXISTÍAN CONTROVERSIAS DE HECHOS MATERIALES CUANDO EN REALIDAD LAS CONTROVERSIAS PLANTEADAS ERAN DE DERECHO. EL TPI ERRÓ AL CONSIDERAR ARGUMENTOS JURÍDICAMENTE IRRELEVANTES PARA CREAR CONTROVERSIA.

TERCER ERROR: ERRÓ EL TPI AL NO CONCLUIR QUE LAS PROPIAS ADMISIONES DE LA QUERELLANTE ESTABLECEN JUSTA CAUSA PARA SU DESPIDO COMO CUESTIÓN DE DERECHO.

CUARTO ERROR: ERRÓ EL TPI AL DESCARTAR Y RESTAR VALOR PROBATORIO A LAS ADMISIONES CLARAS E INEQUÍVOCAS HECHAS POR LA PROPIA QUERELLANTE BAJO JURAMENTO EN SU DEPOSICIÓN, Y AL CREAR CONTROVERSIAS DE HECHOS DONDE EL PROPIO TESTIMONIO DE LA QUERELLANTE DEMUESTRA LO CONTRARIO.

QUINTO ERROR: ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA Y NO DAR DEFERENCIA A LA INVESTIGACIÓN INTERNA NI A LA ADJUDICACIÓN DE CREDIBILIDAD REALIZADA POR MCHC, A PESAR DE QUE EL PROCESO DE INVESTIGACIÓN NO FUE CONTROVERTIDO POR LA RECURRIDA NI EXISTE EVIDENCIA DE PERJUICIO, IRRAZONABILIDAD O ARBITRARIEDAD EN EL PROCESO QUE JUSTIFIQUE INMISCUIRSE CON LA PRERROGATIVA GERENCIAL EN ESTE CASO.

SEXTO ERROR: ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA Y SUSTITUIR SU PROPIO CRITERIO POR EL JUICIO EMPRESARIAL DEL PATRONO, LA JURISPRUDENCIA QUE ESTABLECE QUE LOS TRIBUNALES NO IGNORANDO DEBEN ACTUAR COMO "SUPER DEPARTAMENTOS DE RECURSOS HUMANOS" NI REEVALUAR LA CREDIBILIDAD ADJUDICADA POR EL PATRONO EN UNA INVESTIGACIÓN INTERNA RAZONABLE.

SÉPTIMO ERROR: ERRÓ EL TPI AL NO DESESTIMAR LAS RECLAMACIONES DE DISCRIMEN, HOSTIGAMIENTO LABORAL, REPRESALIA Y TITULO VII A PESAR DE HABER CONCLUIDO QUE LA QUERELLANTE CARECE DE EVIDENCIA PARA SOSTENERLAS.

Por su parte, el 8 de abril de 2026, la parte recurrida radicó *Oposición a Certiorari* en la que solicitó se denegara expedir el auto de certiorari, por no cumplirse los criterios excepcionales

establecidos para la revisión interlocutoria de resoluciones dictadas en casos bajo la Ley Núm. 2-1961.

## II.

### A.

En un pleito ordinario, la parte adversamente afectada por una determinación podrá optar por cualquier recurso revisor que contemplan las Reglas de Procedimiento Civil. No obstante, en los procedimientos especiales, los intereses detrás de los mismos podrán sobreponerse sobre las reglas procesales. En este sentido, la Asamblea Legislativa aprobó la Ley Núm. 2, *supra*, a los fines de establecer un procedimiento sumario para los casos de reclamaciones de obreros y empleados contra sus patronos. El Tribunal Supremo ha resuelto que "la esencia del trámite sumario creado por la Ley Núm. 2 es proveer un mecanismo procesal judicial que logre la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, principalmente en casos de reclamaciones salariales y beneficios". *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996).

Cónsono con el carácter expedito de la referida Ley, *supra*, la Sección 3 dispone que "[e]n los casos que se tramiten con arreglo a esta ley, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley". *Íd.*, Sección 3. En reiteradas ocasiones, el Tribunal Supremo ha discutido la procedencia de la revisión de determinaciones dictadas en un procedimiento sumario al amparo de la Ley Núm. 2.

En *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999), el Tribunal resolvió que, por lo general, la parte que pretende apelar una determinación interlocutoria en un procedimiento al amparo de la Ley Núm. 2, mediante el recurso de *certiorari*, deberá

esperar hasta que la sentencia sea final, utilizando el recurso de *apelación. Íd.*, págs. 496-497. Dicho límite no es absoluto, por lo que el Tribunal reconoció dos excepciones: (1) cuando el tribunal actuó sin jurisdicción; y, (2) en aquellos casos que los fines de la justicia lo requieran. *Íd.*, pág. 498. Por lo tanto, salvo las excepciones enumeradas, la revisión de una determinación interlocutoria en un procedimiento sumario deberá esperar hasta tanto el tribunal de instancia dicte una sentencia final.

Posteriormente, en *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016), el Tribunal tuvo la oportunidad de discutir la interacción entre la Regla 47 de Procedimiento Civil (Moción de Reconsideración) y la Ley Núm. 2. En aquella ocasión, aclaró que los términos para solicitar la revisión apelativa de determinaciones interlocutorias en los procedimientos sumarios deben ser de diez (10) días para acudir al Tribunal de Apelaciones y veinte (20) días para el Tribunal Supremo. *Íd.*, pág. 736. Además, sostuvo que "la figura de la reconsideración interlocutoria es incompatible con el procedimiento provisto por la Ley Núm. 2, [...] pues se daría la anomalía de proveer a las partes un término mayor para solicitar reconsideración que el provisto por la Ley Núm. 2, para la revisión de determinaciones finales". *Íd.* (Énfasis nuestro). En consecuencia, no procederá la reconsideración de una resolución interlocutoria al amparo de la Regla 47, *supra*, en un procedimiento sumario.

Finalmente, en *Patiño Chirino v. Parador Villa Antonio*, *supra*, el Tribunal resolvió, de manera definitiva, que "en atención a los fines que persigue la ley y a la política pública que la inspira, concluimos que la moción de reconsideración es incompatible con el procedimiento sumario laboral provisto por la Ley Núm. 2". *Íd.*, pág. 450. (Énfasis nuestro). Entiéndase por esta determinación que no procederá una moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil en cualquier caso instado bajo

el procedimiento sumario de la Ley Núm. 2, sin distinción de que provenga de una resolución interlocutoria o sentencia final. Dicha determinación fue fundamentada en el mismo racionamiento aplicado al caso de *Medina Nazario v. McNeil Healthcare LLC, supra,* "pues lo que se persigue es evitar una dilación en la solución de la controversia". *Patiño Chirino v. Parador Villa Antonio, supra,* pág. 449.

### III.

A través de su recurso de certiorari, MCHC acude ante este foro intermedio solicitando nuestra intervención para revocar la *Resolución y Orden* dictada por el TPI en la que denegó la moción de sentencia sumaria presentada por él primero. De ordinario, de así decidir ejercer nuestra facultad discrecional, estaríamos en posición de revisar la denegatoria de una moción de carácter dispositivo, siendo la solicitud de sentencia sumaria una de ellas. Sin embargo, nuestra intervención apelativa con las determinaciones del TPI en procesos bajo la Ley Núm. 2 es de carácter excepcional, por resultar contraria al carácter expedito de dicha legislación laboral.

Bajo el crisol doctrinario, nos corresponde disponer si acontecen alguna de las situaciones excepcionales que nos permitirían intervenir con el proceso expedito que manda la Ley Núm. 2. Así pues, debemos examinar si: (1) el foro primario actuó sin jurisdicción; (2) la revisión inmediata dispone del caso por completo; (3) o cuando la revisión tiene el efecto de evitar una grave injusticia. *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico,* 207 DPR 339, 349 (2021). Valga aclarar, no existe ninguna de las razones para que intervengamos en esta etapa.

Por un lado, la parte peticionaria no formuló argumento alguno sobre falta de jurisdicción del foro primario para emitir la resolución recurrida.

Obsérvese, aunque ciertamente la parte peticionaria presentó solicitud para que se tramitara el presente pleito bajo el procedimiento ordinario, el 30 de septiembre de 2024, el TPI declaró no ha lugar la solicitud de conversión de los procedimientos al trámite ordinario.[11]

En consecuencia, los fines de la justicia no requieren en este momento la intervención de este Foro apelativo. Conforme al derecho vigente, MCHC deberá esperar hasta la sentencia final para instar contra ella el recurso pertinente. En este punto, ausente de una causa de excepcional que nos permita intervenir con la resolución interlocutoria recurrida, según fue dictada en el proceso seguido bajo la Ley Núm. 2, solo cabe declararnos sin jurisdicción para atender el recurso de *certiorari* presentado, y desestimar el mismo.

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso presentado por la falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] Véase, Entradas Núms. 15, 21-22 en SUMAC.